UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAD R. SANDERS,                                                                                          PETITIONER

V.                                                              CIVIL ACTION NO. 5:21-CV-102-KS-RPM

BRAND HUFFMAN,                                                                                         RESPONDENT

**REPORT AND RECOMMENDATION**

**I.       INTRODUCTION**

On December 8, 2021, petitioner Chad R. Sanders ("Sanders") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Section 2254"), seeking for his state court conviction to be set aside and his sentence to be vacated. Doc. [1]. On February 14, 2022, respondent Burl Cain ("State") filed the instant motion to dismiss Sanders' habeas petition as time-barred. Doc. [7]. Sanders has not filed a response in opposition to the State's motion.

**II.      Factual Background**

On September 27, 2014, Sanders, Timothy Butler ("Butler"), Stephanie Robichaux ("Robichaux"), and Kevin Brown ("Brown") spent the day at Sanders' house. Doc. [10], Ex. 4, (T. 438–39). That evening, Brown, Butler, and Robichaux left to purchase beer and marijuana; less than an hour later, they returned to Sanders' street. *Id.*, Ex. 4, (T. 441–42). Before reaching Sanders' house, Brown was dropped off because he wanted to speak with Roosevelt Bell and Andrew Barnes ("Barnes"). *Id.*, Ex. 4, (T. 443–44). Butler and Robichaux returned to Sanders' house. *Ibid.* While walking over to Sanders' house, Barnes and Brown observed Robichaux "screaming" and "running away" therefrom. *Id.*, Ex. 4, (T. 420–21, 445–48). Then, they observed

1

Butler "scrambling for his life" from Sanders, who proceeded to shoot Butler several times from close range and flee the scene. *Ibid.* Butler died of his wounds. *Id.*, Ex. 5, (T. 544).

### III.     Procedural History

In 2015, Sanders was indicted on three counts: first-degree murder, Miss. Code Ann. § 97–3–19(1)(a); robbery with a deadly weapon, Miss. Code Ann. § 97–3–79; and possession of a firearm by a convicted felon, Miss. Code Ann. § 97–37–5. Doc. [10], Ex. 1, at 9. On December 9, 2016, a jury found Sanders guilty of first-degree murder and possession of a firearm by a convicted felon, Doc. [9], Ex. 1, but not guilty of robbery with a deadly weapon, Doc. [10], Ex. 1, at 109. He was sentenced to life imprisonment for first-degree murder and five-years imprisonment for being a felon in possession. Doc. [9], Ex. 1. Thereafter, Sanders appealed to the Mississippi Court of Appeals. Doc. [7], Ex. 2; [8], Ex. 6, at 2–31; *Sanders v. State*, 270 So.3d 82 (Miss. Ct. App. 2018). On July 24, 2018, the Mississippi Court of Appeals denied his appeal. Doc. [10], Ex. 9, at 8–15. Proceeding *pro se*, Sanders then filed a motion for rehearing. *Id.*, Ex. 9, at 5. While his motion was received after the filing deadline, the Mississippi Court of Appeals granted Sanders an opportunity to identify the date that he placed his motion in the prison mail system. *Id.*, Ex. 9, at 4–5. After Sanders failed to provide that information, his motion was denied as untimely on October 11, 2018. *Id.*, Ex. 9, at 3–5. Sanders did not appeal to the Mississippi Supreme Court. *Id.*, Ex. 9. Thereafter, on April 5, 2021, Sanders applied for leave to file a motion for postconviction review in state trial court ("PCR application"). *Id.*, Ex. 10, at 13–14; Miss. Code Ann. § 99–39–27. On June 30, 2021, the Mississippi Supreme Court denied his PCR application. Doc. [10], Ex. 10, at 2. This petition followed. Doc. [1].

### IV.   ANALYSIS

#### A. Statute of Limitations

Since the present motion addresses the timeliness of Sanders' federal habeas petition, 28 U.S.C. § 2244(d) ("Section 2244(d)") is applicable. In full, Section 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> [28 U.S.C. § 2244(d).]

Under the statute, the one-year limitations period for filing a federal habeas petition *begins* to run "from the latest of several start dates." *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). These start dates are found in Section 2244(d)(1)(A)–(D). *Ibid.* Section 2244(d)(1)(A) contains the "earliest" date that a petitioner's one-year limitations period may begin to run, *Beck v. Thaler*, 398 F. App'x 65, 66 (5th Cir. 2010) (per curiam), and applies by default *unless* Section 2244(d)(1)(B), (C), or (D) applies, *Green v. Banks*, No. 1:18–CV–180–HSO–LRA, 2019 WL 1167809, at *3 (S.D. Miss. Mar. 13, 2019). The Court begins by turning to Section 2244(d)(1)(B)–(D).

3

Here, Sanders has not identified an impediment created by the state government that violated the Constitution or federal law which prevented him from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Furthermore, Sanders has not identified a newly recognized constitutional right upon which his petition is based. 28 U.S.C. § 2244(d)(1)(C). Finally, there is no indication that his claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Therefore, the Court applies Section 2244(d)(1)(A).

Pursuant to Section 2244(d)(1)(A), a petitioner has "one year to file a federal petition for habeas corpus relief" from one of two dates: (i) the "date on which the judgment became final by the conclusion of direct review or [(ii)] the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "For petitioners who pursue direct review all the way to th[e] [U.S. Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when th[e] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). "For *all* other petitioners," *id.* (emphasis added), the one-year limitations period begins on the date "when the time for seeking further direct review . . . expires." *Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018) (quoting *Roberts*, 319 F.3d at 394). The "time *for* seeking further direct review" refers to the last date that a further appeal *could have been* filed in a *timely* manner, *ibid.*, unless the state court subsequently issues an unambiguous merits-based decision on the out-of-time appeal in accordance with a state court rule, *Sutton v. Cain*, 722 F.3d 312, 319 (5th Cir. 2013) (emphasis added), or later reopens the direct appeal, *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009).

Here, Sanders did not appeal to the U.S. Supreme Court so his case falls into the second category of Section 2244(d)(1)(A) cases. *Gonzalez*, 565 U.S. at 150, 132 S.Ct. 641. Furthermore,

4

the Mississippi courts have not reopened his direct appeal, cf. *Ford v. State*, 121 So.3d 916, 916 (Miss. 2013), and the Mississippi Court of Appeals denied his motion for rehearing as untimely, *Sutton*, 722 F.3d at 318. Turning to the Mississippi Rules of Appellate Procedure, a party *must* seek a rehearing with the Mississippi Court of Appeals before petitioning the Mississippi Supreme Court for a writ of *certiorari*. M.R.A.P. 17(b); M.R.A.P. 40(a). In turn, if a party does not move for a rehearing, "his time for seeking further direct review in state court expires" on the last date that he could have filed such a motion. *Erickson*, 895 F.3d at 374.[1] Since Sanders' motion for rehearing was denied as untimely, his appeal became "final" 14 days after "entry of judgment" by the Mississippi Court of Appeals. *Sutton*, 722 F.3d at 319; *Thomas v. King*, No. 4:14–CV–65–NBB–JMV, 2014 WL 4803901, at *2 (N.D. Miss. Sept. 24, 2014). That is, his conviction became "final" when his time to move for a rehearing expired. M.R.A.P. 17(b). As a result, Sanders' conviction became final on August 7, 2018, not October 11, 2018. Cf. Doc. [9], at 3–4.

### B. Statutory Tolling

Under Section 2244(d)(2), a petitioner is entitled to statutory tolling for the period that his "properly filed" PCR application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (quoting *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)). Furthermore, a PCR application remains "pending" as long as the ordinary state collateral review process is "in continuance." *Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). That is, "until the completion of" the PCR process. *Ibid.* However, if a petitioner only files an otherwise qualifying PCR application *after* the

---

[1] It is also important to note that a motion for rehearing is a substantive step in the state direct review process. M.R.A.P. 40(a). Indeed, a motion for rehearing is "not intended to afford an opportunity for a mere repetition of the argument already considered by the court[,]" but rather to "identify particular points of law and fact that the movant believes the court has overlooked or misapprehended . . . ." *Ibid.*

one-year limitations period has expired, he is not entitled to statutory tolling. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

In this case, absent tolling, Sanders' one-year limitations period concluded on August 7, 2019. *Roberts*, 319 F.3d at 692. However, Sanders did not file his PCR application until April 5, 2021. Doc. [10], Ex. 10, at 13–14.[2] Since Sanders' one-year limitations period concluded before he filed any PCR application, he is not entitled to statutory tolling. *Anderson v. Middlebrooks*, No. 3:20–CV–00680–TSL–RPM, 2021 WL 3044440, at *4 (S.D. Miss. June 24, 2021), *adopted*, No. 3:20–CV–680–TSL–RPM, 2021 WL 3044151 (S.D. Miss. July 19, 2021).

### C. Equitable Tolling

In addition to statutory tolling, a petitioner may be entitled to equitable tolling. To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quotation omitted). "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012).

The Court begins with the "extraordinary circumstances" prong. As the term "extraordinary" suggests, this prong will only "rarely" be met. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam). By extent, "'garden variety claim[s] of excusable neglect, such as a simple

---

[2] In passing, the Court notes that Sanders appears to claim that the Mississippi Supreme Court denied a PCR application on March 31, 2020. Doc. [1], at 3. Nevertheless, Sanders presented no evidence to support this assertion; the Court's own review of the record revealed no such PCR application, either. *See* Doc. [10], Ex. 10. Indeed, Sanders' other filings suggest that the 2020 date is a clerical error. *See, e.g.*, Doc. [2], at 1; [10], Ex. 10, at 13. Accordingly, the Court concludes that Sanders did not file a PCR application in 2020.

'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling[.]'" *Sutton*, 722 F.3d at 317 (quoting *Holland*, 560 U.S. at 649, 130 S.Ct. 2549). Furthermore, filing delays must flow from external factors beyond the petitioner's control, *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), and, even then, the measure is "how severely those [external] impediments limited the petitioner's ability to timely file[,]" *Jimenez v. Hunter*, 741 F. App'x 189, 193 (5th Cir. 2018) (citations omitted). Finally, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Under the diligence prong, the petitioner must demonstrate "reasonable diligence, not maximum feasible diligence." *Jackson*, 933 F.3d at 411 (quotation omitted). While there is no temporal cut-off for diligence, *id.* at 413, "'delays of the petitioner's own making do not qualify' for equitable tolling[,]" *Clarke*, 721 F.3d at 344 (quotation omitted).

Here, Sanders does not specifically allege that extraordinary circumstances warrant tolling the one-year limitations period. Doc. [1, 2]. Nevertheless, liberally construing his habeas petition, *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), the Court understands Sanders to argue that extraordinary circumstances exist because his conviction is unconstitutional. Doc. [1, 2]. However, it is well-established that claiming that one was given an "illegal" sentence does not constitute an "extraordinary circumstance." *Williams v. Mississippi*, No. 3:17–CV–118–NBB–DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018) (collecting cases). Furthermore, assuming *arguendo* that Sanders, who is proceeding *pro se*, relies on ignorance of the law to excuse his delay, ignorance of the law, proceeding *pro se*, and lack of habeas counsel do not, without more, constitute "extraordinary circumstances." *Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). In light of the above, Sanders has

7

failed to demonstrate "extraordinary circumstances" and is, therefore, not entitled to equitable tolling. *Manning*, 688 F.3d at 185 n.2.

In the alternative, Sanders did not diligently pursue his rights. *Jackson*, 933 F.3d at 411. More than two years elapsed between the end of his one-year limitations period, August 7, 2019, and the date that he filed the instant petition, December 8, 2021. 28 U.S.C. § 2244(d). Sanders has not identified any reasons why he needed two years to pursue the instant petition. Doc. [1, 2]. Therefore, Sanders has failed to demonstrate diligence and is also not entitled to equitable tolling for this reason. *Manning*, 688 F.3d at 185 n.2.

### D. Actual Innocence Exception

Finally, the Court turns to the actual innocence exception. *McQuiggin v. Perkins*, 569 U.S. 383, 391–92, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). "Actual innocence means that the person did not commit the crime, while legal innocence arises when a constitutional violation by itself would require reversal." *Morris v. Dretke*, 90 F. App'x. 62, 70 (5th Cir. 2004) (citations omitted). An actual innocence claim is only established when the petitioner shows that, in light of newly-discovered evidence, "it is more likely than not that no reasonable juror would have found . . . [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "[E]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (citing *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Furthermore, newly-discovered evidence must be reliable— "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. This newly-discovered evidence need not, however, necessarily be admissible at trial. *House v. Bell*,

547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). Ultimately, the category of cases reached by the actual innocence exception is "severely confined," *McQuiggin*, 569 U.S. at 394–95, 133 S.Ct. 1924, but a finding does not require "absolute certainty[,]" *House*, 547 U.S. at 538, 126 S.Ct. 2064.

Here, Sanders relies heavily on the actual innocent exception. Doc. [1], at 7; [2], at 10, 12. To demonstrate actual innocence, Sanders attaches several exhibits to his petition, including photographs of a gravel road and bullet fragments, a postmortem X-ray of the victim's head (collectively, "photographic evidence"), a purported affidavit submitted by his mother ("Affidavit"),[3] and a police report. Doc. [1], Ex. 1–8. Sanders utilizes the exhibits to identify inconsistencies between the physical evidence and witness testimony. *See* Doc. [2]. For the reasons that follow, the actual innocence exception does not apply here.

Beginning with the "newly discovered" requirement, the State introduced the photographic evidence at Sanders' trial. Doc. [10], Ex. 3, (T. 256–60); Ex. 4, (T. 547–48); Ex. 7, at 25–26, 43–46, 90–93, 96–97. Indeed, Sanders' submissions still include the relevant exhibit numbers. Doc. [1], Ex. 3–8. Therefore, these exhibits do not qualify as "newly discovered" evidence. *Hancock*, 906 F.3d at 390. Turning to the Affidavit, it contains the recollections of Sanders' mother about pretrial discussions between Sanders, his family, and defense counsel. Doc. [1], Ex. 1. In particular, she recalls pretrial strategy discussions about potential witnesses; these individuals were ultimately not called at trial. *Ibid.* While the Affidavit itself is new, *Moore*, 534 F.3d at 463–64, Sanders cannot avoid the "newly discovered" requirement by incorporating information known prior to trial in a postconviction affidavit, *McGowen v. Thaler*, 675 F.3d 482, 500 (5th Cir. 2012).

---

[3] Here, the Affidavit is unsworn. Doc. [1], Ex. 1. It also does not comply with the requirements of 28 U.S.C. § 1746. *Stewart v. Guzman*, 555 F. App'x 425, 431–32 (5th Cir. 2014). Thus, the Affidavit is unreliable hearsay. *Marin v. Hebert*, No. 21–CV–208, 2021 WL 299198, at *1 n.1 (W.D. La. Jan. 28, 2021). Nevertheless, the Affidavit also fails to demonstrate actual innocence for the reasons set forth later in the opinion.

Since the relevant substance in the Affidavit only identifies *pretrial* discussions about known potential witnesses, Doc. [1], Ex. 1; [2], at 5, this information is not "newly discovered" evidence, *Hancock*, 906 F.3d at 390.[4]

With the above in mind, the Court turns to the question of whether, in light of the newly discovered evidence—that is, the police report and remaining portion of the Affidavit—it is "more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Starting with the Affidavit, any "new" portion is irrelevant to the question of Sanders' actual innocence. Doc. [1], Ex. 1. Turning to the police report, it does not tend to demonstrate Sanders' factual innocence. *Morris*, 90 F. App'x. at 70. Instead, it is inculpatory and bolsters the trial testimony of Brown and Barnes, who testified to witnessing Sanders shoot and kill Butler from close range without justification. *Compare* Doc. [1], Ex. 2, *with* Doc. [10], Ex. 4, (T. 420–21, 445–48). Altogether, Sanders' "newly discovered" evidence does not make it "more likely than not that no reasonable juror would have found . . . [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851.

For these reasons, Sanders is not entitled to proceed through the actual innocence gateway.

## V.    Conclusion

Since neither tolling nor the actual innocence exception applies, the last date that Sanders could file a federal habeas petition was August 7, 2019. 28 U.S.C. § 2244(d)(1)(A). Since he filed the instant habeas petition on December 8, 2021, his petition is untimely and, therefore, should be dismissed as time-barred. 28 U.S.C. § 2244(d).[5]

---

[4] Sanders appears to concede that he possessed the police report before trial, Doc. [1], Ex. 1; [2], at 11, so it is not "new" evidence, *Hancock*, 906 F.3d at 390. Nevertheless, out of an abundance of caution, the Court will alternatively assume *arguendo* that it is "newly discovered" and address it as such.

[5] Sanders seeks an evidentiary hearing on the merits of his petition. Doc. [1], at 15. However, Sanders is not entitled to such a hearing because his petition is time-barred. *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). Even assuming *arguendo* that Sanders seeks an evidentiary hearing in connection with his actual innocence claim, an evidentiary hearing is unnecessary in this case because there are "no relevant factual disputes that

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that respondent Burl Cain's motion to dismiss should be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 28th day of April 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

---

require development in order to assess the [actual innocence] claim[]." *Granger v. Davis*, No. 4:19–CV–456, 2021 WL 372073, at *8 (S.D. Tex. Feb. 3, 2021) (citation omitted).