IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAD R. SANDERS, #207317                                     PETITIONER

VS.                                  CIVIL ACTION NO. 5:21cv102-KS-RPM

BRAND HUFFMAN, Superintendent                              RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Chad R. Sanders filed pursuant to 28 U.S.C. § 2254 [1], Motion to Dismiss [9] filed by Brand Huffman , Report and Recommendation [12] of United States Magistrate Judge Robert P. Meyers Jr., Response in Opposition [14] filed by Chad R. Sanders, and Reply [15] filed by Movant, Brand Huffman, and the Court having considered same, as well as the record, does hereby find as follows:

I.        FACTUAL BACKGROUND

On September 27, 2014, Sanders, Timothy Butler ("Butler"), Stephanie Robichaux ("Robichaux"), and Kevin Brown ("Brown") spent the day at Sanders' house. Doc. [10], Ex. 4, (T. 438–39). That evening, Brown, Butler, and Robichaux left to purchase beer and marijuana; less than an hour later, they returned to Sanders' street. *Id.*, Ex. 4, (T. 441–42). Before reaching Sanders' house, Brown was dropped off because he wanted to speak with Roosevelt Bell and Andrew Barnes ("Barnes"). *Id.*, Ex. 4, (T. 443–44). Butler and Robichaux returned to Sanders' house. *Ibid.* While walking over to Sanders' house, Barnes and Brown observed Robichaux "screaming" and "running away" therefrom. *Id.*, Ex. 4, (T. 420–21, 445–48). Then, they observed

Butler "scrambling for his life" from Sanders, who proceeded to shoot Butler several times from close range and flee the scene. *Ibid.* Butler died of his wounds. *Id.*, Ex. 5, (T. 544).

## II. PROCEDURAL HISTORY

In 2015, Sanders was indicted on three counts: first-degree murder, Miss. Code Ann. § 97–3–19(1)(a); robbery with a deadly weapon, Miss. Code Ann. § 97–3–79; and possession of a firearm by a convicted felon, Miss. Code Ann. § 97–37–5. Doc. [10], Ex. 1, at 9. On December 9, 2016, a jury found Sanders guilty of first-degree murder and possession of a firearm by a convicted felon, Doc. [9], Ex. 1, but not guilty of robbery with a deadly weapon, Doc. [10], Ex. 1, at 109. He was sentenced to life imprisonment for first-degree murder and five-years imprisonment for being a felon in possession. Doc. [9], Ex. 1. Thereafter, Sanders appealed to the Mississippi Court of Appeals. Doc. [7], Ex. 2; [8], Ex. 6, at 2–31; *Sanders v. State*, 270 So.3d 82 (Miss. Ct. App. 2018). On July 24, 2018, the Mississippi Court of Appeals denied his appeal. Doc. [10], Ex. 9, at 8–15. Proceeding *pro se*, Sanders then filed a motion for rehearing. *Id.*, Ex. 9, at 5. While his motion was received after the filing deadline, the Mississippi Court of Appeals granted Sanders an opportunity to identify the date that he placed his motion in the prison mail system. *Id.*, Ex. 9, at 4–5. After Sanders failed to provide that information, his motion was denied as untimely on October 11, 2018. *Id.*, Ex. 9, at 3–5. Sanders did not appeal to the Mississippi Supreme Court. *Id.*, Ex. 9. Thereafter, on April 5, 2021, Sanders applied for leave to file a motion for postconviction review in state trial court ("PCR application"). *Id.*, Ex. 10, at 13–14; Miss. Code Ann. § 99–39–27. On June 30, 2021, the Mississippi Supreme Court denied his PCR application. Doc. [10], Ex. 10, at 2. This petition followed. Doc. [1].

### III.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### IV.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Court has considered the Report and Recommendation [12], Motion in Opposition to Respondent's Motion to Dismiss [14] and Reply to Petitioner's Opposition to Respondent's Motion to Dismiss [15]. In Petitioner's Motion in Opposition to Respondent's Motion to Dismiss [14] the first paragraph reads as follows:

> Petitioner moves this Court for an Order Dismissing the Respondent's Motion to Dismiss, and proceed on the merits of Petitioner's actual innocent (sic) claim. The Claim is valid and acknowledge (sic) in the State Motion to Dismiss.

It appears in his Objection that Petitioner is confessing the untimeliness of his Petition but immediately thereafter in paragraph II of Document [14] he moves back into his argument for equitable tolling because of rare and exceptional circumstances. His argument is that the COVID epidemic blocked him from getting mail and from sending mail out causing his Petition to be untimely. Magistrate Judge Myers goes into great detail in his analysis regarding the Statute of Limitations and clearly finds that there is no basis for Petitioner's objection to the Statute of Limitations having run. The Court has reviewed Judge Myers' analysis and the record and finds that it should be adopted by this Court.

Judge Myers' conclusion was also that Petitioner's habeas petition filed on December 8, 2021, is untimely and that it should be dismissed as time barred pursuant to 28 U.S.C. §2244(d).

The Petitioner next moves back into this claim of actual innocence which he says, "provides a gateway for the Petitioner to proceed on the merits." ( Doc.14, p.3). Again the Court has reviewed the Report and Recommendation of Judge Myers, and in order to establish actual innocence the Petitioner must show that in the light of newly discovered evidence, "it would be more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Schlup v.Delo, 513 U.S. 298,316,115 S. Ct. 851,130 L.Ed. 2d 808 (1995). The case law and common sense leads to the conclusion that if there is a requirement for the evidence to have been newly discovered that if it was available to Petitioner at the time of his trial then it is not newly discovered. The Report and Recommendation finds that the actual innocence exception does not apply in this case. The Court has reviewed Judge Myers' Report and Recommendation and the record and finds that it is correct and should be adopted by this Court.

4

V.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Robert P. Myers Jr.'s Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Chad R. Sanders' claim is DISMISSED WITH PREJUDIC for being untimely, and further that his claim of actual innocence is unfounded.. All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___28th_____ day of September 2022.


　　　　　　　　　　　　　　　　_____s/Keith Starrett_____
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE